# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PAUL G. KING, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-01357 (EGS) |
| | ) | |
| MICHAEL O. LEAVITT, Secretary, | ) | |
| Health and Human Services, *et. al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 12(b)(1), the defendants move to dismiss the complaint in this action.  The basis for this motion is that the complaint is moot, as explained further in the memorandum in support of this motion filed herewith.

Of Counsel:

DANIEL MERON
General Counsel

SHELDON T. BRADSHAW
Associate General Counsel
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation

SHOSHANA HUTCHINSON
Assistant Chief Counsel, Litigation
U.S. Dept. of Health & Human Services
Office of the General Counsel
5600 Fishers Lane
Rockville, MD  20857
301-827-8579

October 16, 2006

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

EUGENE M. THIROLF
Director


_____/s/_____
DRAKE CUTINI
Attorney
Office of Consumer Litigation
U.S. Department of Justice
P.O. Box 386
Washington, D.C. 20044
Tel:  202-307-0044
Fax:  202-514-1586

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

PAUL G. KING, *et al*.,                     )
                                            )
                    Plaintiffs,             )
                                            )
        v.                                  )          Civil Action No. 06-01357 (EGS)
                                            )
MICHAEL O. LEAVITT, Secretary,              )
  Health and Human Services, *et. al*.,     )
                                            )
                    Defendants.             )
_____)

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**INTRODUCTION**

On August 1, 2006, plaintiffs filed the instant complaint seeking declaratory and

injunctive relief, claiming that the Food and Drug Administration ("FDA") had unreasonably

delayed in responding to a citizen petition submitted by Coalition For Mercury-Free Drugs

("Comed"). Compl. ¶ 1, 25-27. FDA, however, responded to Comed's petition on September

27, 2006. Thus, plaintiffs' claims are moot and should be dismissed pursuant to Federal Rule of

Civil Procedure ("FRCivP") 12(b)(1).

**FACTUAL BACKGROUND**

Comed submitted a citizen petition to FDA on July 30, 2004. See Compl. Ex. A. In its

petition, Comed requested a wide variety of measures relating to the use of thimerosal and other

mercury compounds in drug and biologic products regulated by FDA. Id. at 1-6. Plaintiffs filed

their complaint in this Court on August 1, 2006,[1] alleging that FDA's "failure to act" on

Comed's petition was in violation of the Administrative Procedure Act ("APA"). Compl. ¶¶ 25-

_____

[1] The U.S. Attorney was served on August 15, 2006.

27.  By letter dated September 26, 2006, FDA responded to Comed's citizen petition.  <u>See</u> Letter from Jeffrey Shuren to Dr. Paul G. King (hereinafter, "FDA Pet. Resp.," attached hereto).  FDA denied the petition, explaining that all licensed and approved products containing thimerosal are safe, and that the studies submitted with Comed's petition do not support Comed's contention that all products containing thimerosal are unsafe.  <u>Id.</u> at 1, 3-21.  FDA concluded that "none of the legal actions or remedies" sought in Comed's petition were warranted, and that Comed's claims that the government has violated various "rights" similarly lacked merit.  <u>Id.</u> at 1, 22-23.

## ARGUMENT

### I.    <u>Standard of Review</u>

When reviewing a motion to dismiss under either FRCivP 12(b)(1) or (6), the "court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff; however, the court does not need to accept as true the plaintiff's legal conclusions."  <u>Arbitraje Casa de Cambio v. USPS</u>, 297 F. Supp. 2d 165, 168 (D.D.C. 2003).  <u>See also</u> <u>Browning v. Clinton</u>, 292 F.3d 235, 242 (D.C. Cir. 2002) (courts "accept neither 'inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint,' nor 'legal conclusions cast in the form of factual allegations.'"); <u>Major v. Plumbers Local Union No. 5</u>, 370 F.Supp.2d 118, 123 (D.D.C. 2005) ("Conclusory legal and factual allegations . . . need not be considered by the court."); <u>Luck's Music Library, Inc. v. Ashcroft</u>, 321 F.Supp.2d 107, 112 (D.D.C. 2004).

"Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), 'the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.'"  <u>Flores v. District of Columbia</u>, 437 F. Supp. 2d 22, 27-28 (D.D.C. 2006), quoting in

part <u>Erby v. United States</u>, 424 F.Supp.2d 180, 181 (D.D.C. 2006).  <u>See also</u> <u>Lujan v. Defenders</u>

<u>of Wildlife</u>, 504 U.S. 555, 561 (1992).  Also, "the district court may consider material outside

the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction."  <u>Jerome</u>

<u>Stevens Pharms., Inc. v. FDA</u>, 402 F.3d 1249, 1253 (D.C. Cir. 2005).

## II.    **Plaintiffs' Claims are Moot**

"Article III of the Constitution requires that there be a live case or controversy at the time

that a federal court decides the case."  <u>Burke v. Barnes</u>, 479 U.S. 361, 363 (1987).  <u>See also</u>

<u>Richards v. Delta Airlines Inc.</u>, 453 F.3d 525, 528 (D.C. Cir. 2006).  The mootness doctrine

"forbids federal courts from rendering advisory opinions or 'decid[ing] questions that cannot

affect the rights of the litigants in the case before them.'"  <u>Hall v. CIA</u>, 437 F.3d 94, 99 (D.C.

Cir. 2006), quoting in part <u>Pharmachemie B.V. v. Barr Labs., Inc.</u>, 276 F.3d 627 (D.C. Cir.

2002).

Because FDA issued its response to the Comed petition, there remains no live dispute

between the parties regarding FDA's "failure" to respond to the Comed petition.  Agency action

"is one type of subsequent development that can moot a previously justiciable issue."  <u>Natural</u>

<u>Res. Def. Counsel, Inc. v. U.S. Nuclear Regulatory Comm'n</u>, 680 F.2d 810, 814-15 (D.C. Cir.

1982) (finding a case moot because the court "can hardly order the NRC at this point to do

something that it has already done," and refusing to find the agency's earlier complained-of

action unlawful because such would be "an advisory opinion which federal courts cannot

provide.").  <u>See</u> <u>also</u> <u>McBryde v. Comm. to Review Circuit Council Conduct and Disability</u>

<u>Orders of the Judicial Conference of the United States</u>, 264 F.3d 52, 55 (D.C. Cir. 2001) ("If

events outrun the controversy such that the court can grant no meaningful relief, the case must be

dismissed as moot."); In re Int'l Union, United Mine Workers of Am., 231 F.3d 51, 54 (D.C. Cir. 2000) (claim of unreasonable delay in initiating rulemaking is moot after agency issued proposed rule); Action on Smoking and Health v. Dep't of Labor, 28 F.3d 162, 164 (D.C. Cir. 1994) (unreasonable delay claim in issuing safety standards is moot after agency's issuance of notice of proposed rulemaking); AARP v. EEOC, 823 F.2d 600, 604 (D.C. Cir. 1987) (claim of unreasonable delay in concluding rulemaking moot after agency terminated rulemaking); United Steelworkers of Am. V. Rubber Mfrs. Ass'n., 783 F.2d 1117, 1120 (D.C. Cir. 1986) ("We do not . . . have occasion to decide whether the period of delay prior to the [issuance of the proposed rule] was unreasonable, inasmuch as the issuance of the [proposed rule] itself has mooted petitioners' claims to the extent they were based on that delay.").

Here, FDA has already done what plaintiffs sought in the complaint, i.e., respond to the Comed petition, leaving no issue regarding the timing of FDA's response on which this Court could rule.  As the Supreme Court has explained, courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong."  Spencer v. Kemna, 523 U.S. 1, 18 (1998).

## CONCLUSION

For the foregoing reasons, plaintiffs' complaint should be dismissed.

Of Counsel:                                Respectfully submitted,

DANIEL MERON                               PETER D. KEISLER
General Counsel                            Assistant Attorney General

SHELDON T. BRADSHAW                        EUGENE M. THIROLF
Associate General Counsel                  Director
Food and Drug Division

ERIC M. BLUMBERG
Deputy Chief Counsel, Litigation           _____/s/_____
                                           DRAKE CUTINI
SHOSHANA HUTCHINSON                        Attorney
Assistant Chief Counsel, Litigation        Office of Consumer Litigation
U.S. Dept. of Health & Human Services      U.S. Department of Justice
Office of the General Counsel              P.O. Box 386
5600 Fishers Lane                          Washington, D.C. 20044
Rockville, MD  20857                       Tel:  202-307-0044
301-827-8579                               Fax:  202-514-1586

October 16, 2006

5