# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL G. KING, et al,<br><br>            Plaintiffs,<br>    vs.<br><br>MICHAEL O. LEAVITT, et al,<br><br>            Defendants. | **CASE NO. 1:06CV01357**<br>JUDGE EMMET G. SULLIVAN |

## PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Come now the Plaintiffs, by counsel, and oppose the motion to dismiss filed by the defendants herein, stating as follows:

1. Defendants argue that this Complaint is moot simply because the FDA sent a letter to Plaintiffs on September 26, 2006.

2. Plaintiffs have reviewed the letter of September 26, 2006, and that letter does not adequately respond to the issues raised in the Citizen's Petition filed by Plaintiffs.

3. Contemporaneously with the filing of this opposition, Plaintiffs are filing a motion to amend the complaint filed herein, along with a proposed amended complaint, and it is respectfully requested that the amended complaint and the attachments thereto be accepted in support of this opposition to the defendants' motion to dismiss.

4. Attached hereto is a Memorandum of Law in Support of this Opposition to the Motion to Dismiss.

5. Plaintiffs would respectfully request oral arguments on this motion.

2

6. Plaintiffs believe that discovery is necessary in order to determine whether or not defendants have adequately or properly responded to the citizen's petition and to determine whether or not the actions taken by the defendants in this matter constitute an abuse of discretion, a violation of their limited authority, and a failure to comply with statutorily required mandates. Therefore, Plaintiffs request that a discovery schedule be set as soon as possible. Counsel will confer immediately with opposing counsel in this regard.

Respectfully submitted,

s/ *Clifford J. Shoemaker*
Clifford J. Shoemaker, Esquire
Shoemaker & Associates
9711 Meadowlark Road
Vienna, VA 22182
(703) 281-6395
Fax: (703) 281-5807

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| PAUL G. KING, et al, <br><br> Plaintiffs, <br><br> vs. <br><br> MICHAEL O. LEAVITT, et al, <br><br> Defendants. | **CASE NO. 1:06CV01357** <br> JUDGE EMMET G. SULLIVAN |

### PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

On August 4, 2004, Plaintiffs filed a Citizen's Petition (dated July 30, 2004) pursuant to 21 C.F.R. § 10.30, requesting certain relief. For more than 2 years, defendants failed to act on this petition. Plaintiffs had to incur legal expenses in order to file the instant complaint before any response was forthcoming.

On September 28, 2006, after this complaint was filed, Plaintiffs King and Sykes and most of the other petition signers received, by Federal Express, a 24-page response with a 2-page enclosure from Food and Drug Administration (FDA) Assistant Commissioner for Policy, Jeffery Shuren, MD, JD, that failed to address the issues raised in the citizen's petition (filed in Docket 2005P-0349). Instead, it purportedly addressed a contention that "all licensed and approved products containing thimerosal are unsafe" while the petition requested that the Agency address the legal issue of lack of the required proof of safety on the part of both the manufacturers and the FDA for all licensed and approved products containing Thimerosal. The requisite proof is required by statute and the minimum standard for proof for biological products

3

is clearly set forth in 21 CFR 610.15(a), a regulation that has been legally binding on the manufacturers since 1973 [**See:** 38 FR 32056, Nov. 20, 1973].   In addition, the FDA response failed to mention, much less address, their failure to comply with the clear statutory requirements set forth in 42 U.S.C. Sec. 300aa-27(a) for safer  childhood vaccines with fewer adverse reactions by using any and all means available to the Secretary of Health and Human Services and the FDA to reduce adverse reactions to vaccines.  Thus, the FDA's answer failed to respond to the clear issues raised in the petition, and therefore the Agency's decision to "deny the petition for the reasons stated" in this response is <u>non</u>-responsive, arbitrary, capricious, and an abuse of the FDA's <u>limited</u> discretionary powers.

　　　　The FDA has failed to demonstrate in its response that the inclusion of mercury-based compounds (generally optional preservatives) renders that product safe within the meaning of its applicable licensing statute.  Instead, FDA has *improperly* attempted to shift the burden of proof to Petitioners to prove that mercury-containing compounds render such products unsafe.

　　　　The agency has stated in the letter to Petitioners that thimerosal is safe, without citing any valid evidence of that fact and without having ever done any studies to make that determination. As a matter of fact, the clear evidence that the agency had not done its job prior to when the Citizen's Petition was filed is the fact that the Fombonne article cited in support of thimerosal safety is an article written after the Citizen's Petition was filed.  That article, as well as the other articles cited, does not say that thimerosal is safe, but rather that the evidence they have reviewed does not support a link between thimerosal and autism spectrum disorders. While these articles are flawed (an issue that is addressed in the proposed amended complaint and attachments thereto), they do not address the issues raised in the petition and what the law requires.  In fact, reliance upon the Fombonne article shows that prior to the publication of that article, the agency

had not done its job of proving safety. Since the defendants have raised the issue of literature filed after the Citizen's Petition was filed, the plaintiffs should now be allowed to supplement the record completely, providing numerous articles that have been written since the Citizen's Petition was filed that demonstrate the fact that thimerosal is not safe.

A product is not "safe" just because the FDA says it is; the agency must prove safety and is required to compel the vaccine manufacturers and other drug manufacturers to conduct safety tests as required by law (21 CFR 610.15(a) and 21 U.S.C. 351(a)(2)(B)), or the agencies must conduct the requisite toxicological tests, or have them conducted. The defendants have provided no evidence at all that this has been done.

In its letter, the FDA stated that the studies submitted by Plaintiffs with the Citizen's Petition did not support the "contention that all products containing thimerosal are unsafe." First of all, it is not Plaintiffs' burden to prove lack of safety, but rather the agency's burden to demonstrate safety. Secondly, the statement is false; the studies submitted do demonstrate conclusively that Thimerosal is unsafe, and the FDA denying that fact is not going to make it any less true. Finally, this statement is contrary to prior public statements of the agencies (such as the attached Exhibit A) indicating that they did not know whether thimerosal was safe and at what levels of exposure.

As pointed out in defendants' memorandum in support to their motion to dismiss, the letter from the FDA also reached the legal conclusion that "none of the legal actions or remedies" sought in the Citizen's Petition were warranted. Petitioners would respectfully request that this Court hear all the evidence presented and consider the entire record before agreeing with this conclusion.

Plaintiffs agree with the defendants that in reviewing a motion to dismiss, the "court must accept as true all of the plaintiff's well-pled factual allegations and draw all reasonable inferences in favor of the plaintiff…." Therefore, it is Plaintiffs' position that a motion to dismiss as moot is premature. On the face of all that Plaintiffs have filed (and are filing) herein, the agencies' conclusions are wrong. Further discovery on the factual issues is critical to a final resolution by this court of the issues raised in the amended complaint being filed this day.

If the only thing an agency must do to make a citizen's petition moot is to write a letter saying we don't agree with you, without providing evidence that the agency has complied with its statutory mandate, then this case is moot. The amended complaint being filed herein, however, raises two issues: (1) Has the agency provided an adequate response to the Citizen's Petition? and (2) If so, has the agency fulfilled its statutorily mandated responsibilities to protect these Plaintiffs and others in like circumstances? To answer those questions will require that the Court consider all the evidence filed and being filed, and the Court will benefit from discovery concerning these factual issues.

For the foregoing reasons, Plaintiffs would respectfully request that the motion to dismiss filed herein be denied and that a discovery schedule be set.

Respectfully submitted,

s/ *Clifford J. Shoemaker*
Clifford J. Shoemaker, Esquire
Shoemaker & Associates
9711 Meadowlark Road
Vienna, VA 22182
(703) 281-6395
Fax: (703) 281-5807

CERTIFICATE OF SERVICE

I hereby certify that I caused this Opposition to Motion to Dismiss, Memorandum in Support, and proposed Order to be electronically filed this 25th day of October, 2006.

s/ <i>Clifford J. Shoemaker</i>
Clifford J. Shoemaker
