UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL G. KING, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary, Health and Human Services, *et. al.*, <br><br> Defendants. | Civil Action No. 06-01357 (EGS) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR
LEAVE TO AMEND COMPLAINT**

Plaintiffs filed a Motion For Leave to Amend Complaint, along with a proposed amended complaint, on October 26, 2006. Defendants, Michael O. Leavitt, Secretary of Health and Human Services ("HHS"), and Andrew C. von Eschenbach, Acting Commissioner, Food and Drug Administration ("FDA"), do not oppose Plaintiffs' Motion For Leave to Amend Complaint.[1] Nevertheless, defendants submit this Response to address plaintiffs' contention that they should be allowed to conduct discovery in this case.

Plaintiffs filed their initial complaint on August 1, 2006, claiming that FDA had unreasonably delayed acting on a citizen petition submitted by Coalition For Mercury-Free Drugs ("Comed"). Compl. ¶ 1. FDA responded to the Comed citizen petition on September 27, 2006. Defendants moved to dismiss the case on October 16, 2006, on the ground that plaintiffs' unreasonable delay claim was moot after FDA had responded to Comed's citizen petition. In

---

[1] Although defendants do not oppose plaintiffs' motion to amend their complaint, defendants believe that the proposed amended complaint lacks merit and, if the Court grants plaintiffs' motion to amend, defendants plan to file a new dispositive motion to resolve the issues raised in the proposed amended complaint.

response, plaintiffs moved to amend their complaint and filed an opposition to defendants' motion to dismiss, arguing that the proposed <u>amended</u> complaint was not rendered moot by FDA's citizen petition response. <u>See</u> Pls. Opp. at 3-6. The proposed amended complaint appears to challenge the substance of FDA's citizen petition response, as well as continuing to assert an unreasonable delay claim. Am. Comp. ¶¶ 8-10.

In their Opposition brief, plaintiffs request that the Court set a discovery schedule so that plaintiffs can obtain additional facts regarding the issues raised in the Amended Complaint. <u>See</u> Pls. Opp. at 6. Defendants filed a reply brief regarding the Motion to Dismiss on November 6, 2006, which noted that plaintiffs are not entitled to discovery in this case. Defendants file this response to provide a more thorough discussion of why discovery is inappropriate.

Under the Federal Rules of Civil Procedure (FRCivP), discovery is not appropriate in cases, such as this case, that are based on a review of the administrative record. Under FRCivP 26(a)(1)(E), "an action for review on an administrative record" is exempt from the initial disclosure requirements of FRCivP 26(a)(1). Under FRCivP 26(f), cases exempt from initial disclosure requirements are exempt from the discovery planning conference requirement. These rules are based on well-established principles of administrative law: "It is a widely accepted principle of administrative law that the courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made." <u>IMS, P.C. v. Alvarez</u>, 129 F.3d 618, 623 (D.C. Cir. 1997); <u>see</u> also <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973) ("the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court"); <u>Environmental Defense Fund, Inc. v. Costle</u>, 657 F.2d 275, 284 (D.C. Cir. 1981) ("It is well settled that judicial review of agency action is

normally confined to the full administrative record before the agency at the time the decision was made."). Because review is limited to the administrative record, discovery is not permitted. See, e.g., Commercial Drapery Contractors, Inc. v. United States, 133 F.3d 1, 7 (D.C. Cir. 1998); Texas Rural Legal Aid, Inc. v. Legal Services Corp., 940 F.2d 685, 698 (D.C. Cir. 1991); Common Sense Salmon Recovery v. Evans, 217 F. Supp. 2d 17, 20 (D.D.C. 2002).

If the Court grants plaintiffs' motion to amend the complaint, the defendants will file a dispositive motion that will resolve the case. At or before that time, the defendants will file the administrative record for the Comed citizen petition. For these reasons, defendants do not oppose the amendment of the complaint; however, plaintiffs' suggestion that a discovery schedule should be set should be denied.

| Of Counsel: | Respectfully submitted, |
|---|---|
| DANIEL MERON<br>General Counsel | PETER D. KEISLER<br>Assistant Attorney General |
| SHELDON T. BRADSHAW<br>Associate General Counsel<br>Food and Drug Division | EUGENE M. THIROLF<br>Director |
| ERIC M. BLUMBERG<br>Deputy Chief Counsel, Litigation | _____/s/_____<br>DRAKE CUTINI<br>Attorney |
| SHOSHANA HUTCHINSON<br>Associate Chief Counsel, Litigation<br>U.S. Dept. of Health & Human Services<br>Office of the General Counsel<br>5600 Fishers Lane<br>Rockville, MD 20857<br>301-827-8579 | Office of Consumer Litigation<br>U.S. Department of Justice<br>P.O. Box 386<br>Washington, D.C. 20044<br>Tel: 202-307-0044<br>Fax: 202-514-8742 |

November 9, 2006